McKinney, J.,
dissented: I am unable to concur in the opinion announced upon the second point. In my judgment, it was going farther than sound principle will warrant to hold, that even where the wrongdoer had actually converted the property wrongfully taken into money, by a sale thereof, that in such case, an action ex contractu might be maintained for *458 the recovery of the money. Certainly it was, to some extent, confounding the well established distinction between actions of tort and actions of contract; still, however, the doctrine, thus far, has been very generally admitted, and it may be maintained with some show of reason and consistency, upon the ground that the proceeds of the property tortiously taken and converted, was money had and received to the use of the plaintiff.
But, where there has been no such conversion of the property into money, to hold that debt ór assump-sit will lie, upon the idea of an implied contract, or upon any other assumption, is, as it seems to me, utterly subversive of fundamental principles. I cannot admit the conclusion, that debt and ti'espass, or trover, are concurrent remedies; and that wherever either of the latter actions will lie, the former is likewise maintainable at the election of the plaintiff. With all proper deference for the authorities which hold this doctrine, I respectfully dissent from it.
I deem this question the more important, in view of the anomalous state of our local law, in respect to the staute of limitations. . We have two statutes of limitations in personal actions — one of three years, the other of six years. The application of the statute of limitations, by the settled rule in this State, depends upon the form of the action. In actions of tort the limitation is three years; but, in actions of debt upon simple contract — except for arrearages of rent — the limitation is six years. Is not the effect of the decision then, that the party may waive the tort, and bring an action of debt for the value of goods wrongfully taken, *459 a judicial repeal of the statute of limitations in all such cases of tort?
The numerous authorities, ancient and modern, recognizing the principle that out of a pure tort a contract or promise cannot be implied, are familiar to the profession, and need not therefore be referred to.